DYKEMA GOSSETT PLLC
Jon D. Cantor (SBN: 91852)
jdcantor@dykema.com
Abirami Gnanadesigan (SBN: 263375)
agnanadesigan@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Plaintiff
ITG BRANDS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITG BRANDS, LLC,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CAPNA INTELLECTUAL<br><br>　　　　　Defendant. | Case No. 2:21-cv-00818<br><br>**COMPLAINT FOR:**<br>1) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br>3) **TRADEMARK DILUTION (15 U.S.C. § 1125(C)); AND**<br>4) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE (CAL. BUS. & PROF. CODE §17200)**<br><br>**JURY TRIAL REQUESTED**<br><br>Complaint Filed: |

4814-1864-3414.2                         COMPLAINT

Plaintiff ITG Brands, LLC ("ITGB"), for its Complaint against Defendant, Capna Intellectual ("Defendant" or "Capna"), states and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for trademark infringement, false designation of origin, trademark dilution, and violation of the California Business & Professions Code under federal law and the statutory and common law of the State of California, which ITGB brings to protect some of its most valuable assets, namely, the goodwill and consumer recognition it has developed in federally-protected marks associated with its KOOL brand cigarettes. For many years, ITGB and its predecessors have continuously used and extensively promoted its famous KOOL Marks in connection with the advertising, promotion, distribution, sale, and/or offering for sale of cigarettes. As described more fully below, without ITGB's authorization or consent, and with clear knowledge of ITGB's prior rights in its federally-protected KOOL Marks, Defendant began to use the confusingly similar mark BLOOM in connection with the advertising, promotion, distribution, import, sale, and/or offering for sale of electronic cigarettes and oral vaporizers for smokers. Defendant's conduct is likely to mislead the public and members of the relevant trade into believing that Defendant's products are authorized by, sponsored by, or otherwise affiliated with ITGB, its famous and well-known marks and the goods provided thereunder. ITGB accordingly brings this action in order to protect its valuable federally-protected marks and to halt the damages and irreparable harm it has suffered and will continue to suffer as a result of Defendant's actions.

## THE PARTIES

2. Plaintiff ITGB is a Texas limited liability company with a place of business at 714 Green Valley Road., Greensboro, North Carolina 27408. ITGB is a subsidiary of Imperial Brands plc, a British multinational company headquartered in Bristol, United Kingdom. ITGB is the owner of all relevant trademark rights associated with KOOL branded cigarettes.

3.   ITGB is informed and believes that Defendant Capna Intellectual (dba Bloom Brands) is a California corporation located at 15021 Ventura Boulevard #512 Sherman Oaks, California 91403.

4.   This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338 (unfair competition), as well as 15 U.S.C. § 1121 (Lanham Act). The Court has supplemental jurisdiction over ITGB's state law claims under 28 U.S.C. § 1367.

5.   ITGB is informed and believes that Defendant is subject to general and specific personal jurisdiction in the state of California.

6.   Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and/or property that is the subject of the action is situated in this district and/or one or more Defendants reside in this district.

## FACTS

7.   ITGB is the third largest tobacco company in the United States and offers a broad portfolio of some of the most famous and well-known cigarette, cigar and e-vapor brands. This iconic portfolio of brands includes KOOL cigarettes.

8.   Kool was launched in 1933, and was the first menthol brand to gain nationwide distribution. ITGB and its predecessors have invested substantial time, effort and money in advertising and promoting cigarettes under the KOOL brand throughout the United States. ITGB and its predecessors established and ITGB has maintained a strong reputation among adult smokers for quality and consistency in its products. As a result of ITGB's excellent reputation and its investment in its brands, KOOL remains one of the world's most famous brand of menthol cigarettes.

9.   KOOL is distinctive among menthol cigarettes because it delivers an intense menthol smoking experience that is bold, yet smooth. KOOL achieves the perfect balance of rich tobaccos with the fresh flavor of menthol. The fusion of

tobacco and menthol is symbolized by the interlocking "O's" in the Kool logo, which are present today in much of the same form as on the original packaging.

10.   ITGB owns federal registrations of the mark KOOL and solid and outlined versions of the interlocking "O"s in the Kool logo on the Principal Register of the United States Patent and Trademark Office.  These include Registration Nos. 508538, 747482, 2218589, 2578658, and 2617994 of the marks KOOL (stylized), KOOL (word mark), KOOL (logo) and solid and outlined versions of the Interlocking "O"s in the Kool logo, each for cigarettes. The registrations issued April 12, 1949, April 2, 1963, January 19, 1999, June 11, 2002, and September 10, 2002, respectively. True and correct copies of the Certificates of these registrations, including the title history showing ITGB as owner of these registrations, are attached hereto as Exhibit 1. These registrations remain in full force and effect and are conclusive evidence of the validity of the KOOL marks, of ITGB's registration and ownership of the KOOL Marks, and of ITGB's exclusive right to use the KOOL Marks.

11.   Registration Nos. 508,538, 747,482, 2,218,589, 2578658, and 2617994 are prima facie evidence of the validity of and ITGB's exclusive right to use the KOOL Marks, and are constructive notice of ITGB's ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072.  As the right to use the KOOL Marks has become incontestable, Registration Nos. 508,538, 747,482, 2,218,589, 2578658, and 2617994 are conclusive evidence of ITGB's exclusive right to use the KOOL Marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b).

12.   Together, the marks identified in paragraph 10 are referred to as the "KOOL Marks."  Images of the KOOL Marks are reproduced below:





13. ITGB has the exclusive right to use the KOOL Marks in connection with any importation, sale, offer to sell, or distribution of cigarettes and related goods or services in the United States.

14. The KOOL Marks are inherently distinctive and, as a result of ITGB's longstanding use and promotion, the KOOL Marks have become widely recognized by the general consuming public and the trade as a designation of source identifying ITGB and its KOOL brand of cigarettes.

15. As a result of ITGB's continuous and extensive use, sales, advertising and promotions, the KOOL Marks have become extremely valuable and tremendously important assets belonging exclusively to ITGB, symbolizing ITGB's highly successful products and the goodwill appurtenant thereto. The KOOL Marks are well known, highly distinctive and famous, and became famous long before Defendant commenced the actions complained of in this Complaint.

## DEFENDANT'S UNLAWFUL ACTS

16. ITGB is informed and believes that before Defendant commenced the conduct complained of below, Defendant was aware of the existence and fame of the KOOL Marks, of the goodwill represented and symbolized in the KOOL Marks, and of the public recognition and reliance upon the KOOL Marks to identify authentic products of ITGB and distinguish ITGB's goods and services from those of others.

17. In a transparent rip-off of ITGB's KOOL Marks, ITGB is informed and believes that Defendant advertises, promotes, distributes, imports, sells and/or offers for sale electronic cigarettes and oral vaporizers for adult smokers and adult tobacco consumers under the marks BLOOM and ⊚ ("Bloom Marks"). The Bloom Marks

appear on Defendant's products and on Defendant's website (http://www.thebloombrands.com).  The Bloom Marks, reproduced below, contain interlocking "OOs" which mimic the interlocking "OOs" in ITGB's famous KOOL Marks.



18. ITGB is informed and believes that Defendant advertised, promoted, distributed, imported, sold and/or offered for sale electronic cigarettes and oral vaporizers for adult smokers and adult tobacco consumers under the Bloom Marks, which are confusingly similar to the KOOL Marks, and has obtained substantial profits thereby.  Such advertisement, distribution, sales and profits are ongoing as of the date of this Complaint.

19. On September 12, 2019, Defendant filed applications with the U.S. Patent and Trademark Office, seeking registration of the Bloom Marks for "electronic cigarettes and oral vaporizers for smokers." These applications were filed under Serial Nos. 88614465 and 88614491 based on Defendant's intent to use the Bloom Marks in commerce.

20. On December 3, 2020, after learning of Defendant's advertising, promotion, distribution, importation, sale, and/or offering for sale of electronic cigarettes and oral vaporizers for adult smokers under the infringing Bloom Marks, ITGB sent Defendant a letter demanding it cease and desist the use of the Bloom Marks in connection with its promotion, advertising, distribution, import, sale, and/or offering for sale of infringing products.  ITGB demanded, among other things, that Defendant cease and desist any and all use of interlocking "OOs" for electronic cigarettes and oral vaporizers for adult smokers, that it abandon Application Nos. 88614465 and 88614491, and that it refrain from filing any applications to register marks including the word KOOL or COOL and any other mark containing

interlocking "OOs" in the future. A true and correct copy of the December 3, 2020 letter from ITGB to Defendant, is attached hereto as Exhibit 2.

21. By using the Bloom Marks, Defendant intends to trade off the strong adult consumer goodwill in the Kool Marks.

22. There is no association or affiliation of any kind between ITGB and Defendant, and Defendant is using the Bloom Marks without ITGB's permission or consent. ITGB has no control over the manner of Defendant's use of the Bloom Marks, or the nature or quality of products promoted, advertised, distributed, imported, sold and/or offered for sale by Defendant.

23. Defendant's actions have caused, or are likely to cause, great and irreparable injury to ITGB, including irreparable injury to its goodwill and reputation, for which ITGB has no adequate remedy at law.

24. Defendant's use of the Bloom Marks in connection with its electronic cigarettes and oral vaporizers for adult smokers has the potential to diminish adult consumer opinion of the KOOL Marks and KOOL brand cigarettes by associating them with inferior products. Adult consumers dissatisfied with Defendant's products may then avoid ITGB's KOOL brand cigarettes, and other adult consumers may believe ITGB and its KOOL brand cigarettes are associated with illicit or illegal products and/or activities.

25. Upon information and belief, Defendant will continue to commit the acts complained of unless enjoined.

26. Upon information and belief, Defendant's acts were deliberately and intentionally carried out in bad faith, or with reckless disregard for or with willful blindness to ITGB's rights in the KOOL Marks, for the purpose of trading on ITGB's reputation and diluting the KOOL Marks.

//

//

//

7
COMPLAINT

## COUNT I

### *FEDERAL TRADEMARK INFRINGEMENT*

**(15 U.S.C. § 1114)**

27. ITGB hereby incorporates by reference and realleges the allegations of Paragraphs 1 - 26 as if fully set forth herein.

28. Defendant's conduct alleged herein constitutes trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

29. Defendant, without authorization from ITGB, has used and is continuing to use designations that are confusingly similar to the KOOL Marks.

30. Defendant's acts alleged herein are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's electronic cigarette and oral vaporizer products for adult smokers originate from, or are affiliated with, sponsored by, or endorsed by ITGB.

31. Upon information and belief, Defendant has acted with knowledge of ITGB's ownership of the KOOL Marks and with deliberate intention or willful blindness to unfairly benefit from the strong goodwill symbolized thereby.

32. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not entitled to in law or equity.

33. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

34. Defendant's acts have damaged and will continue to damage ITGB, and ITGB has no adequate remedy at law.

35. As a direct and proximate result of Defendant's wrongful conduct, ITGB is entitled to damages in an amount to be proven at trial.

36. Pursuant to 15 U.S.C. § 1117, ITGB is entitled to recover the costs of this action. Further, the intentional nature of Defendant's unlawful acts renders this

an "exceptional case," entitling ITGB to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II

### *FALSE DESIGNATION OF ORIGIN*

### **(15 U.S.C. § 1125(a))**

37. ITGB hereby incorporates by reference and realleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38. Defendant's conduct set forth herein constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendant's promotion, advertising, distribution, importation, sale, and/or offering for sale of the infringing products, together with Defendant's use of other indicia associated with ITGB is intended, and is likely to confuse, mislead, or deceive adult consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the infringing products, and is intended, and is likely to cause such parties to believe in error that the infringing products have been authorized, sponsored, approved, endorsed or licensed by ITGB, or that Defendant is in some way affiliated with ITGB.

40. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which he is not entitled to in law or equity.

41. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

42. Defendant's acts have damaged and will continue to damage ITGB, and ITGB has no adequate remedy at law.

43. As a direct and proximate result of Defendant's wrongful conduct, ITGB is entitled to damages in an amount to be proven at trial and recovery of reasonable attorneys' fees and costs incurred herein.

# COUNT III

## *FEDERAL TRADEMARK DILUTION*

## (15 U.S.C. § 1125(c))

44. ITGB hereby incorporates by reference and realleges the allegations of Paragraphs 1 through 43 as if fully set forth herein.

45. The KOOL Marks are famous trademarks within the meaning of 15 U.S.C. § 1125(c), and became famous before Defendant began using the Bloom Marks or designations similar thereto in connection with the sale of its electronic cigarettes and oral vaporizers for adult smokers.

46. The KOOL Marks are strong and distinctive, are advertised and used extensively throughout the United States, and are highly recognizable by the trade and adult consuming public.

47. Further, ITGB actively polices the use of the KOOL Marks by third parties.

48. Defendant's use of the Bloom Marks and/or designations in the promotion, advertising, distribution, import, sale, and/or offering for sale of electronic cigarettes and oral vaporizers for adult smokers without authorization from ITGB is likely to dilute the distinctive quality of the KOOL Marks and is decreasing the capacity of such marks to identify and distinguish ITGB's Kool brand cigarettes and related products.

49. Defendant has intentionally and willfully diluted the distinctive quality of the famous KOOL Marks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

50. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which he is not entitled to in law or equity.

51. As a result of the above-described diluting activities of Defendant, ITGB has suffered, and will continue to suffer, irreparable injury and substantial damages, while Defendant has been and will continue to be unjustly enriched.

52. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

53. Defendant's acts alleged herein have damaged and will continue to damage ITGB, and ITGB has no adequate remedy at law.

54. As a direct and proximate result of Defendant's wrongful conduct, ITGB is entitled to damages in an amount to be proven at trial and recovery of reasonable attorneys' fees and costs incurred herein.

## COUNT IV

### *CALIFORNIA UNFAIR COMPETITION*

### (Cal. Bus. & Prof. Code §17200 et seq.)

55. ITGB hereby incorporates by reference and realleges the allegations of Paragraphs 1 through 54 as if fully set forth herein.

56. Defendant's infringement, appropriation, use, and adoption of the Bloom Marks with the intent of causing confusion, mistake and deception as to the source of its goods and with the intent of causing harm to ITGB's business, constitutes an "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

57. As a consequence of Defendant's unlawful actions, ITGB is entitled to injunctive relief and an order that Defendant disgorge any and all profits made on the manufacture, use, display, or sale of his infringing goods.

**WHEREFORE**, ITGB prays for judgment against Defendant as follows:

A) Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U. S. C. § 1114); Section 43(a) of the Lanham Act (15 U. S. C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U. S. C. § 1125(c)); and (ii) Defendant has engaged in unfair competition in violation of the California Business & Professions Code (*Cal. Bus. & Prof. Code §17200* ).

B) Preliminarily and permanently enjoining and restraining Defendant, its directors, members, officers, agents, servants, employees, subsidiaries, and affiliates, and all persons in active concert or participation with, though, or under any of them, at first during the pendency of this action and thereafter perpetually:

    1) from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to the KOOL Marks;

    2) from using in any manner packaging, labels, signs, literature, display cards, Internet website, or other packaging, advertising, or promotional materials, or other materials related to Defendant's goods and/or services, bearing the Bloom Marks, and any other mark, word, or name confusingly similar to the KOOL Marks, including but not limited to any marks or designations with the terms KOOL or COOL, or any other mark containing interlocking "OOs";

    3) from making any statements on promotional materials or advertising for Defendant's goods and/or services that are false or misleading as to source or origin;

    4) from using any designation that is likely to disparage, tarnish or dilute the distinctive quality of the KOOL Marks; and

    5) from committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Defendant's goods and/or services are the goods and/or services of ITGB or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by ITGB under the supervision or control of ITGB.

C) Requiring that Defendant deliver up to ITGB any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or

make reference to the KOOL Marks in connection with Defendant's goods and/or services.

D) Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, to abandon its Application Nos. 88614465 and 88614491.

E) Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon ITGB's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to the paragraphs above.

F) In connection with Defendant's acts of federal trademark infringement, dilution, and unfair competition, requiring Defendant to account and pay over to ITGB all damages sustained by ITGB and/or Defendant's profits.

G) Directing such other relief as the Court may deem appropriate to prevent adult tobacco consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, advertised, marketed, promoted, supplied, distributed, sold, and/or offered for sale by Defendant, has been authorized by ITGB, or is related in any way with ITGB and/or its products.

H) Awarding ITGB actual and punitive damages to which it is entitled under applicable federal and state laws.

I) Awarding ITGB its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U. S. C. § 1117) and the California Business & Professions Code (*Cal. Bus. & Prof. Code §17200*).

J) Awarding ITGB its costs of this action and prejudgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

K) Awarding ITGB such additional and further relief as the Court deems just and proper.

Dated: January 28, 2021

Respectfully submitted,

DYKEMA GOSSETT LLP

By: */s/ Abirami Gnanadesigan*
Jon D. Cantor
Abirami Gnanadesigan

Attorneys for Plaintiff
ITG BRANDS, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, on all issues so triable, Plaintiff ITG Brands, LLC demand a jury on all issues so triable in this case.

Respectfully submitted,

Dated: January 28, 2021   DYKEMA GOSSETT LLP

By: */s/ Abirami Gnanadesigan*
Jon D. Cantor
Abirami Gnanadesigan

Attorneys for Plaintiff
ITG BRANDS, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

4814-1864-3414.2

15
COMPLAINT