JOSHUA M. MASUR  (SBN 203510)
  *jmasur@zuberlawler.com*
**ZUBER LAWLER LLP**
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
CAPNA INTELLECTUAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ITG BRANDS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAPNA INTELLECTUAL,<br><br>　　　　　　Defendant. | Case No. 2:21-CV-00818-ODW-PVC<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT CAPNA INTELLECTUAL TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Judge:　Hon. Otis D. Wright II<br>Date:　April 12, 2021<br>Time:　1:30 p.m.<br>Crtrm.:　5D |

**TO PLAINTIFF ITG BRANDS, LLC AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 12, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Otis D. Wright II, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant Capna Intellectual will and hereby does move this Court to Dismiss Plaintiff ITG Brands, LLC's Complaint.

This Motion is made upon the following grounds:

1.　Plaintiff has failed to state a claim for trademark infringement under 15 U.S.C. § 1114, false designation of origin and unfair competition under 15 U.S.C.

§ 1125(a), or unfair competition under California Business and Professional Code § 17200, because each of these causes of action requires showing that there is a likelihood that customers will be confused by the defendant's marks, and here the parties' marks are patently dissimilar, and their products are sold through entirely different channels of commerce;

    2.    Plaintiff has failed to state a claim for trademark dilution under 15 U.S.C. § 1125(c) because it has failed to plausibly plead factual allegations showing that its marks are famous or that its marks are sufficiently similar to Capna's marks as to create any likelihood of dilution; and

    3.    Because Capna's marks are almost entirely dissimilar to Plaintiff's, Capna's products cannot legally be sold in the same channels as Plaintiff's, and the only point of similarity between the marks – the interlocking Os in each word – is insufficient to support likelihood of confusion, any amendment to the complaint would be futile, and so the Court should dismiss Plaintiff's complaint with prejudice.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 2, 2021.

Dated: March 9, 2021

Respectfully submitted,

**ZUBER LAWLER LLP**
JOSHUA M. MASUR

By: _/s/ Joshua M. Masur_
Attorneys for Defendant
Capna Intellectual

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1
I. INTRODUCTION ....................................................................................... 1
II. LEGAL STANDARDS ................................................................................ 2
    A. Motion to dismiss ............................................................................... 2
    B. Trademark infringement, false designation of origin, and unfair competition ......................................................................................... 3
    C. Trademark dilution ............................................................................. 4
III. ARGUMENT ................................................................................................ 5
    A. Plaintiff's conclusory allegations fail to meet "the high standard required for a dilution claim" ............................................................. 5
        1. Plaintiff has failed to plead that its marks are famous .................. 6
        2. Plaintiff has failed to, and cannot, plausibly plead that the BLOOM marks are likely to dilute the KOOL Word Marks. ...................................................................................... 8
    B. Plaintiff does not and cannot plead cognizable trademark infringement and unfair competition claims ......................................... 10
        1. The marks are patently dissimilar ............................................... 11
        2. The channels in which the marks are used are legally required to be completely unrelated ........................................... 12
IV. CONCLUSION ............................................................................................ 14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*,
    744 F.3d 595 (9th Cir. 2014) ............................................................................... 10

*AMF Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979) ............................................................................ 3, 12

*Arcona, Inc. v. Farmacy Beauty, LLC*,
    976 F.3d 1074 (9th Cir. 2020) ............................................................................. 12

*Arcona, Inc. v. Farmacy Beauty, LLC*,
    No. 2:17-cv-07058-ODW, 2019 WL 1260625
    (C.D. Cal., May 23, 2019) .................................................................................. 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................... 2, 5

*Avery Dennison Corp. v. Sumpton*,
    189 F.3d 868 (9th Cir. 1999) ................................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 2

*Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*,
    174 F.3d 1036 (9th Cir. 1999) ............................................................................... 4

*Candyman Kitchens, Inc. v. Sweets Indeed, LLC*,
    No. 20-cv-841-PA, 2020 WL 3803936
    (C.D. Cal. Apr. 9, 2020) ........................................................................................ 7

*Cleary v. News Corp.*,
    30 F.3d 1255 (9th Cir. 1994) ................................................................................. 4

*Color Me Mine Enters., Inc. v. Southern States Marketing Inc.*,
    No. 12-cv-860-RGK, 2012 WL 12887744
    (C.D. Cal. May 18, 2012) ...................................................................................... 7

*Constellation Brands, Inc. v. Arbor Hill Assocs., Inc.*,
    535 F. Supp. 2d 347 (W.D.N.Y. 2008) ............................................................... 13

*Global Apogee v. Sugarfina, Inc.*,
    No. 18-cv-5162-RSWL-E, 2018 WL 4945305
    (C.D. Cal. Oct. 10, 2018) ................................................................................ 7, 10

*Grey v. Campbell Soup Co.*,
    650 F.Supp. 1166 (C.D. Cal. 1986) ....................................................................... 4

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
    810 F.Supp.2d 1013 (C.D. Cal. 2011) ................................................................... 4

*Jada Toys, Inc. v. Mattel, Inc.*,
  518 F.3d 628 (9th Cir. 2008) ............................................................................... 4, 5

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
  998 F.Supp.2d 890 (C.D. Cal. 2014) ...................................................................... 4

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) .................................................................................. 8

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
  633 F.3d 1158 (9th Cir. 2011) ................................................................................ 9

*Mattel, Inc. v. Walking Mtn. Prods.*,
  353 F.3d 792 (9th Cir. 2003) ................................................................................ 12

*MGA Entertainment, Inc. v. Dynacraft BSC, Inc.*,
  No. 2:17-cv-8222-ODW-KS, 2018 WL 2448123 (C.D. Cal. May 30, 2018) ..................................................................................................................... 3, 7

*Murray v. Cable Nat. Broadcasting Co.*,
  86 F.3d 858 (9th Cir. 1996) .................................................................................. 13

*New West Corp. v. NYM Co. of California, Inc.*,
  595 F.2d 1194 (9th Cir. 1979) ................................................................................ 4

*Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*,
  657 F.2d 482 (1st Cir. 1981) ................................................................................ 12

*Planet Coffee Roaster, Inc. v. Dam*,
  No. 09-cv-571-MLG, 2009 WL 2486457
  (C.D. Cal. Aug. 12, 2009) ...................................................................................... 7

*Rivera v. Philip Morris, Inc.*,
  395 F.3d 1142 (9th Cir. 2005) .............................................................................. 10

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
  163 F. Supp. 3d 755 (C.D. Cal. 2015) .................................................................... 4

*Sushi Nozawa, LLC v. The HRB Experience, LLC*,
  No. 2:19-cv-07653, 2020 WL 1529379
  (C.D. Cal., March 31, 2020) ................................................................ 3, 5, 11, 13

*Thane Int'l, Inc. v. Trek Bicycle Corp.*,
  305 F.3d 894 (9th Cir. 2002) .................................................................................. 6

*Toho Co., Ltd. v. Sears, Roebuck & Co.*,
  645 F.2d 788 (9th Cir. 1981) ................................................................................ 13

*Woodstock Ventures LC v. Woodstock Roots, LLC*,
  387 F. Supp. 3d 306 (S.D.N.Y. 2019), *aff'd*, No. 19-2720,
  2021 WL 745290 (2d Cir. Feb. 26, 2021) ............................................................ 13

**STATUTES**

15 U.S.C. § 1114...................................................................................................4

15 U.S.C. § 1125...................................................................................................4

15 U.S.C. § 1125(c)(1) .........................................................................................4

15 U.S.C. § 1125(c)(2)(A) ....................................................................................6

15 U.S.C. § 1125(c)(2)(B) ................................................................................8, 9

15 U.S.C. § 1125(c)(2)(C) ....................................................................................8

Cal. Bus. & Prof. Code. § 26054(a)....................................................................13

Trademark Dilution Revision Act of 2006 ...........................................................7

**RULES**

Federal Rule of Civil Procedure 12(b)(6)............................................................2

Federal Rule of Civil Procedure 8(a)(2) ..............................................................2

Federal Rule of Evidence 201..............................................................................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through a series of transactions related to the ongoing demise of big tobacco, Plaintiff came into possession of certain trademarks related to the KOOL cigarette brand. *See* Dkt. No. 1-1 at 4-5, 7-8, 10-11, 13-14, 16-17. Presumably because a dying brand in a dying industry has little prospective value, Plaintiff has begun a campaign intended to capitalize on state-legal cannabis – an market that, unlike Plaintiff's own, is vibrant and rapidly-growing, but that it has no apparent intent ever to enter. Capna is the latest target of that campaign.

Capna is a leading state-legal cannabis manufacturer, having won multiple awards for its products – including the coveted "Cannabis Cup" – that regularly rank as top-selling due to their consistently excellent quality and taste. Capna's BLOOM-branded products are everything that Plaintiff's KOOL-branded products are not: They are winning market share and sales, not due to customer habit and dependence, but because their quality simply beats competitive products.

Plaintiff would have this Court ignore that Capna's BLOOM marks are essentially different than its KOOL trademarks. But it is incontestable that the parties' words are different, the typefaces are different, and the colors are different. Capna's Bloom cannabis products are not even sold in the same channels of commerce as Plaintiff's Kool cigarettes; legally, they cannot even be sold in the same stores. The only arguable point of similarity between the two marks is that the double-O in "BLOOM" and "KOOL" overlap – a common graphic design element that Plaintiff neither invented nor is famous for, and that is used in far more famous logos such as the Olympic Rings, and the logos for Mastercard and Audi.

Given the lack of foundation for its claims, it is hardly surprising that Plaintiff's Complaint does not, indeed cannot, include factual allegations sufficient to show that there is any likelihood of confusion between the KOOL marks and the BLOOM marks, or that the KOOL marks are famous or diluted by the BLOOM

marks. Plaintiff merely recites the legal standards and conclusions for its claims, which is insufficient to survive a motion to dismiss under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, because the products cannot be legally sold in the same channels, the marks are so dissimilar, and the only point of similarity is one for which Plaintiff cannot plausibly plead fame, any amendment to the complaint would be futile.

The Court should dismiss Plaintiff's Complaint with prejudice.

## II.     LEGAL STANDARDS

### A.     Motion to dismiss

This Court is highly familiar with the standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and relevant precedent, including *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

> A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2) – a short and plain statement of the claim. The factual "allegations must be enough to raise a right to relief above the speculative level." That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
>
> The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. . . .

> When a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. Leave to amend, however, "is properly denied . . . if amendment would be futile."

*MGA Entertainment, Inc. v. Dynacraft BSC, Inc.*, No. 2:17-cv-8222-ODW-KS, 2018 WL 2448123, at *2 (C.D. Cal. May 30, 2018) (citations omitted).

### B.  Trademark infringement, false designation of origin, and unfair competition

This Court is also familiar with the legal standards for pleading trademark infringement:

> In a trademark infringement case, a plaintiff must establish: (1) an ownership of a trademark right; (2) that was used by the defendant; "(3) in a way that is likely to cause consumer confusion and thus infringe upon the trademark right." . . .
>
> The likelihood of confusion is the central element of a trademark infringement claim. . . .  Though "[c]ourts may determine likelihood of confusion as a matter of law on either a motion to dismiss or summary judgment[,] a plaintiff is not required to prove the likelihood of confusion at the pleading stage." . . .
>
> At the pleading stage, a plaintiff fails to sufficiently allege the likelihood of confusion when the marks are patently dissimilar or the channels in which the marks are used are completely unrelated.

*Sushi Nozawa, LLC v. The HRB Experience, LLC*, No. 2:19-cv-07653, 2020 WL 1529379, at *2-3 (C.D. Cal., March 31, 2020) (citations omitted) (citing, *inter alia*, *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)).

Plaintiff's false designation of origin and unfair competition claims rise or fall with its trademark infringement claim:

> "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." Further, "[t]he tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same." Also, "[a] claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114." Finally, "the Ninth Circuit 'has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code [section] 17200 are substantially congruent to claims made under the Lanham Act.'"

*Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 768 (C.D. Cal. 2015) (citations omitted) (citing *Hokto Kinoko Co. v. Concord Farms, Inc.,* 810 F.Supp.2d 1013, 1031 (C.D. Cal. 2011); *New West Corp. v. NYM Co. of California, Inc.,* 595 F.2d 1194, 1201 (9th Cir. 1979); 15 U.S.C. § 1114; 15 U.S.C. § 1125; *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F.Supp.2d 890, 897 (C.D. Cal. 2014); *Grey v. Campbell Soup Co.,* 650 F.Supp. 1166, 1173 (C.D. Cal. 1986); *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.,* 174 F.3d 1036, 1046 n. 6 (9th Cir. 1999); *Cleary v. News Corp.,* 30 F.3d 1255, 1262-63 (9th Cir. 1994)).

### C. Trademark dilution

In order to plead a claim for trademark dilution under 15 U.S.C. § 1125(c)(1), the plaintiff must plead factual allegations showing that "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

III. **ARGUMENT**

None of the claims in Plaintiff's Complaint are supported by "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff's dilution allegations utterly fail to meet "the high standard" set by statutory and case law. And Plaintiff's conclusory incantation that Capna's BLOOM marks "are confusingly similar to the KOOL Marks," Dkt. No. 1 ¶¶ 18, 29, ignores that, in reality, "the marks are patently dissimilar [and] the channels in which the marks are used are completely unrelated." *Sushi Nozawa,* 2020 WL 1529379, at *3.

A. **Plaintiff's conclusory allegations fail to meet "the high standard required for a dilution claim"**

Plaintiff has failed to plead factual allegations that demonstrate either that the marks are famous or that Capna's BLOOM marks are likely to cause dilution, and so the Court should dismiss Plaintiff's claim for trademark dilution. *See Jada Toys*, 518 F.3d at 634.

As an initial matter, Plaintiff's complaint improperly treats its four distinct marks as one collective group of marks. The two marks identified in the complaint that include the entire word "KOOL," shown below:

 

are significantly and facially different in fame, distinctiveness, and similarity to Capna's BLOOM marks, compared to Plaintiff's marks that only show the interlocking Os:

 

In discussing the flaws in Plaintiff's complaint below, the first group of marks is referred to as the "KOOL Word Marks," and the second group is referred to as the "Interlocking O Marks."

1. ***Plaintiff has failed to plead that its marks are famous.***

For a mark to be famous, it must be "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). The Ninth Circuit has held that trademark dilution is a cause of action "reserved for a select class of marks – those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999). For a plaintiff to have a cause of action for dilution, the mark must not only be known within its own market, but must "have achieved fame among the general consuming public" so that it is "susceptible to the kind of out-of-market free riding that Congress sought to prevent in passing the antidilution statute." *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002).

Plaintiff has not pleaded facts demonstrating that either the KOOL Word Marks or the Interlocking O Marks are famous. The factual allegations Plaintiff pleads concerning fame, even taken as true for the purposes of a motion to dismiss, at most demonstrate its marks' fame "among adult smokers." Dkt. No. 1 at ¶ 8. Other than repeatedly stating in the pleading that the mark is "famous" in a conclusory fashion, Plaintiff includes no factual allegations in its complaint regarding recognition of its marks outside the adult smoker market. The closest Plaintiff comes to alleging general recognition of its marks is the statement that "as a result of [it]s longstanding use and promotion, the KOOL Marks have become widely recognized by the general consuming public and the trade as a designation of source identifying [Plaintiff] and its KOOL brand of cigarettes." Dkt. No. 1 at ¶ 15. Even within the portion of its Complaint specifically pleading trademark dilution, Plaintiff only pleads that its marks "are highly recognizable by the trade and adult consuming public," not the general public. Dkt. No. 1 at ¶ 46.

Plaintiff's Complaint thus fails to adequately plead that its marks are famous for at least two reasons: (1) the allegations are conclusory recitations of the element

of fame, not factual allegations; and (2) the Complaint fails to plead that its marks are generally known outside the market for Kool cigarettes. As to the first issue, this District has repeatedly held that merely reciting the element of fame is not sufficient to state a claim for trademark dilution. *Global Apogee v. Sugarfina, Inc.*, No. 18-cv-5162-RSWL-E, 2018 WL 4945305, at *4 (C.D. Cal. Oct. 10, 2018); *Candyman Kitchens, Inc. v. Sweets Indeed, LLC*, No. 20-cv-841-PA, 2020 WL 3803936, at *5 (C.D. Cal. Apr. 9, 2020). As to the second issue, even where a plaintiff has alleged a significant amount of product sales and extensive advertising, this Court and others in this District have held that such allegations "fall short of the high standard required for a dilution claim" without allegations that the mark is comparable "to that of other household names, such as Budweiser beer." *MGA Entertainment*, 2018 WL 2448123, at *6; *see also Color Me Mine Enters., Inc. v. Southern States Marketing Inc.*, No. 12-cv-860-RGK, 2012 WL 12887744, at *2 (C.D. Cal. May 18, 2012). As this District has observed, the Trademark Dilution Revision Act of 2006 revised the dilution statute to "deny protection to marks that are famous only in 'niche' markets." *Planet Coffee Roaster, Inc. v. Dam*, No. 09-cv-571-MLG, 2009 WL 2486457, at *3 (C.D. Cal. Aug. 12, 2009). At most, the Complaint pleads that Plaintiff's marks are well-known among smokers; that does not make them famous for the purpose for the purpose of the dilution statute.

      Finally, in addition to being improperly pleaded, Plaintiff's allegation of fame is simply not plausible at least with respect to the Interlocking O Marks. Taking Plaintiff's factual allegations as true, it and its predecessors may have "invested substantial time, effort and money in advertising and promoting cigarettes under the KOOL brand throughout the United States." Dkt. No. 1 at ¶ 8. But that allegation cannot possibly demonstrate that the Interlocking O Marks, independent from the word "KOOL," are famous as an identifier for KOOL cigarettes. Interlocking rings

are a common graphic design element, seen in far more famous logos, such as the Olympic Rings, the Mastercard logo, and the Audi logo, shown below respectively[1]:

  

Similarly, interlocking letters are used to form the far more famous logos of Chanel and Gucci, shown below respectively:

 

Given the nature of the Interlocking O marks and their similarity to far more famous logos, not only has Plaintiff failed to plausibly plead that the marks are famous, it would be futile to allow Plaintiff to attempt to amend its claim to do so.

        2.    ***Plaintiff has failed to, and cannot, plausibly plead that the BLOOM marks are likely to dilute the KOOL Word Marks.***

Whether a claim for dilution is based on "dilution by blurring" or "dilution by tarnishment," dilution must be an "association arising from the similarity" between the allegedly infringed mark and the allegedly infringing mark. 15 U.S.C. § 1125(c)(2)(B), (c)(2)(C). While the 2006 Act no longer requires that the allegedly diluting mark be identical to the allegedly infringed mark, "similarity has a special role to play in the implementation of the new statute's multifactor approach." *Levi*

---

[1] On a motion to dismiss, a court may take judicial notice of facts under Fed. R. Evid. 201, which include facts "generally known within the trial court's territorial jurisdiction." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). The Olympic Rings and the Mastercard, Audi, Chanel, and Gucci logos, though extrinsic to the complaint, are certainly generally known throughout the United States and, at least as to the Olympic Rings, worldwide.

1 *Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1171 (9th Cir. 2011). The statute provides six non-exclusive factors to consider in determining whether a mark is likely to cause dilution by blurring, including "(i) [t]he degree of similarity between the mark or trade name and the famous mark[;] (ii) [t]he degree of inherent or acquired distinctiveness of the famous mark[;] (iii) [t]he extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark[;] (iv) [t]he degree of recognition of the famous mark[;] (v) [w]hether the user of the mark or trade name intended to create an association with the famous mark[; and] (vi) [a]ny actual association between the mark or trade name and the famous mark." 15 U.S.C. § 1125(c)(2)(B).

As with the element of fame, Plaintiff has failed to plead factual allegations to support the element of either dilution by blurring or dilution by tarnishment. The KOOL Word Marks are patently dissimilar to the BLOOM Marks. The words "Kool" and "Bloom" are different and unrelated in all respects other than the double-o, and share that similarity with hundreds of other words in the English language like "school," "pool," and "stool." As Plaintiff's own Complaint implies, the green color of the KOOL logo is a critical element of the mark, representing the "intense menthol smoking experience" that distinguishes Kool cigarettes from its competitors. Dkt. No. 1 at ¶ 9. Green is a color associated with Kool cigarettes' flavor; that green color distinguishes both the KOOL Word Marks and the Interlocking O Marks from the BLOOM marks. In contrast, as evidenced by Plaintiff's own complaint, the intersection between the Os in the BLOOM logo is red – a color that is so distinct from green that it literally occupies the opposite side of the color wheel. Dkt. No. 1 at ¶ 17.

Apart from lack of similarity, which – other than the coincidence of overlapping Os, driven by the parties' coincidental use of different word marks that both contain a double "o" – weighs heavily in Capna's favor, Plaintiff fails to plead plausible factual allegations demonstrating that any other of the six elements of

1 dilution by blurring favor it. As with the element of fame, conclusory recitation of
2 the element of dilution is insufficient to survive a motion to dismiss. *Global Apogee*,
3 2018 WL 4945305, at *4.

4       Similarly, as to dilution by tarnishment, Plaintiff only includes one
5 conclusory allegation that that consumers might associate purportedly inferior
6 Capna products with KOOL brand cigarettes (Dkt. No. 1 at ¶ 24), without any
7 factual allegations that any consumers actually associate Capna products with
8 KOOL brand cigarettes, or that Capna products are in any way inferior or believed
9 to be worse than KOOL's. In California, after all, cannabis products like Capna's
10 are often associated with medicinal benefits, while Plaintiff's competitor Phillip
11 Morris has argued to the Ninth Circuit Court of Appeals that the dangers of smoking
12 tobacco have been common knowledge since 1969. *See Rivera v. Philip Morris,*
13 *Inc.*, 395 F.3d 1142, 1151-52 (9th Cir. 2005). The bare recital of a conclusory
14 allegation of tarnishment in paragraph 24 of the Complaint does not state a claim for
15 trademark dilution.

16       In sum, Plaintiff has failed to plead plausible factual allegations to
17 demonstrate that any of its marks are both famous and likely to be diluted by
18 Capna's marks. No matter how Plaintiff amends its complaint, it cannot show that
19 the Interlocking O Marks are famous, and it cannot show that the KOOL Word
20 Marks are sufficiently similar to Capna's marks that they are likely to be diluted by
21 either blurring or tarnishment. The Court should therefore dismiss Count III of
22 Plaintiff's Complaint for trademark dilution without leave to amend. *See Airs*
23 *Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d
24 595, 600 (9th Cir. 2014).

25     **B.**     **Plaintiff does not and cannot plead cognizable trademark**
26            **infringement and unfair competition claims**

27       "At the pleading stage, a plaintiff fails to sufficiently allege the likelihood of
28 confusion when the marks are patently dissimilar or the channels in which the marks

are used are completely unrelated." *Sushi Nozawa,* 2020 WL 1529379, at *3. Plaintiff's Complaint meets not just one, but both independent criteria for dismissal.

### 1. *The marks are patently dissimilar*

As noted earlier, the KOOL Word Marks are patently dissimilar to the BLOOM Marks. The sole similarity is the coincidental use of overlapping Os, which is driven by and tied to the context in which they are used – namely, the dissimilar words "kool" and "bloom." By contrast, the green elements of the Kool logo and the red elements of the Bloom logo are literal opposites. *See supra* at III.A.2.

Moreover, the only uses of overlapping Os identified in the Complaint are in or accompanied by Capna's BLOOM mark. For example, an exhibit to Plaintiff's cease and desist letter, itself attached as an exhibit to the Complaint, depicts a model wearing a BLOOM-branded shirt, in Bloom's red hue:



Dkt. No. 1-2 at 11. But even if Plaintiff had any actual evidence that consumer confusion might be likely – and to be clear, it has offered none – the use of the allegedly infringing mark in the context of Capna's BLOOM housemark would undermine Plaintiff's attempt to establish consumer confusion.

This Court knows, far better than most, the effect of a housemark on likelihood of confusion. In a recent counterfeiting case, *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-07058-ODW, 2019 WL 1260625 (C.D. Cal., May 23, 2019), this Court found that the fact that "[e]ach product bears [the parties'] respective house marks [and] presents a distinct color and packaging scheme," prevented a judgment for that plaintiff. *Id.* at *3. Indeed, in upholding this Court's decision, the Ninth Circuit went even further:

> Further, it is implausible that a consumer would be deceived because the products had their respective housemarks ("Farmacy" vs. "Arcona") prominently on the packaging. . . . In trademark infringement cases, the "use of a housemark can reduce the likelihood of confusion." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 351 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mtn. Prods.*, 353 F.3d 792, 810 (9th Cir. 2003); *see also Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981) ("[O]therwise similar marks are not likely to be confused where used in conjunction with the clearly displayed name and/or logo of the manufacturer").

*Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1081 (9th Cir. 2020).

Because the evidence proffered by Plaintiff itself suggests that the marks are patently dissimilar in relevant ways, the infringement and unfair competition claims should be dismissed.

### 2. *The channels in which the marks are used are legally required to be completely unrelated*

But even if the Court were to find that Plaintiff has met its burden to proffer evidence of likelihood of confusion, it would remain indisputable that the parties use their marks in completely unrelated channels. Moreover, that dichotomy is not coincidental or accidental – it is not even merely deliberate. The parties sell in different channels *because they are legally required to do so*.

1 Plaintiff asserts that it "has the exclusive right to use the KOOL Marks in connection with any importation, sale, offer to sell, or distribution of cigarettes and related goods or services in the United States." Dkt. No. 1 ¶ 13. But Capna does not sell cigarettes or related goods – Capna sells state-licensed cannabis concentrates. As a matter of law, Capna's cannabis products cannot even be sold in the same channels as Plaintiff's tobacco products. For example, California's Medicinal and Adult-Use Cannabis Regulation and Safety Act explicitly requires, as a condition for obtaining a cannabis license, that "[a] licensee shall not sell alcoholic beverages or tobacco products on or at any premises licensed under this division." Cal. Bus. & Prof. Code. § 26054(a). Because "[t]he goods are unrelated as a matter of law," there can be no likelihood of confusion, and so the complaint should be dismissed with prejudice. *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790 (9th Cir. 1981); *see also Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858, 861 (9th Cir. 1996); *Sushi Nozawa,* 2020 WL 1529379, at *3 (dismissal appropriate where "the channels in which the marks are used are completely unrelated.").

But, as the Southern District of New York has held, "even if the parties' products [were] marketed through the same or similar trade channels, this fact does not suggest a likelihood of confusion, because [the allegedly infringing] products either constitute or are intended for use with recreational marijuana, while [the trademark asserter's] "smokers' articles" are not intended for use with recreational marijuana." *Woodstock Ventures LC v. Woodstock Roots, LLC*, 387 F. Supp. 3d 306, 318 (S.D.N.Y. 2019), *aff'd*, No. 19-2720, 2021 WL 745290 (2d Cir. Feb. 26, 2021) (citing *Constellation Brands, Inc. v. Arbor Hill Assocs., Inc.*, 535 F. Supp. 2d 347, 366 (W.D.N.Y. 2008) (concluding that two alcoholic beverages sold in similar channels are not related because "the nature of the two products is clearly different, since Arbor Hill is traditional table wine, while Arbor Mist is a mix of wine and fruit juice, with a lower alcohol content than most wine")).

Plaintiff's complaint utterly lacks any plausible, non-conclusory allegations that confusion is likely, and the law prohibits sales in related channels. Plaintiff's trademark infringement and unfair competition claims should be dismissed accordingly, without leave to amend.

## IV.  CONCLUSION

This is the rare case in which a Complaint fails to, and cannot be amended to, plead a cognizable and factually supported legal theory. Plaintiff's Complaint should be dismissed.

Dated:  March 9, 2021

Respectfully submitted,

**ZUBER LAWLER LLP**
JOSHUA M. MASUR

By:   */s/ Joshua M. Masur*
Attorneys for Defendant
Capna Intellectual