JOSHUA M. MASUR (SBN 203510)
*jmasur@zuberlawler.com*
**ZUBER LAWLER LLP**
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
Capna Intellectual

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ITG BRANDS, LLC,

Plaintiff,

v.

CAPNA INTELLECTUAL,

Defendant.

Case No. 2:21-CV-00818-ODW-PVC

**NOTICE OF MOTION AND MOTION OF CAPNA INTELLECTUAL TO DISMISS PLAINTIFF'S DILUTION CLAIM (COUNT III) IN ITS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed concurrently with [Proposed] Order]*

Judge: Hon. Hon. Otis D. Wright II
Date: May 17, 2021
Time: 1:30 p.m.
Crtrm.: 5D

**TO PLAINTIFF ITG BRANDS, LLC AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 17, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Otis D. Wright II, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant Capna Intellectual will and hereby does move this Court to Dismiss Plaintiff ITG Brands, LLC's dilution claim (Count III) in its First Amended Complaint.

This Motion is made upon the following grounds:

1. Plaintiff has failed to state a claim for trademark dilution under 15 U.S.C. § 1125(c) because it has failed to plausibly plead factual allegations showing that its Interlocking O Marks are famous or that its KOOL Word Marks are sufficiently similar to Capna's marks as to create any likelihood of dilution; and

2. Because the KOOL Word Marks are essentially and fundamentally dissimilar to Capna's marks, and because the interlocking Os in isolation are not plausibly famous as an identifier for Kool cigarettes in view of Kool's own packaging and the prevalence of interlocking rings in far more famous brands, any amendment to the complaint would be futile, and so the Court should dismiss Count III of Plaintiff's complaint with prejudice.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 5, 2021.

Dated: April 13, 2021

Respectfully submitted,

**ZUBER LAWLER LLP**
JOSHUA M. MASUR

By: */s/ Joshua M. Masur*
Attorneys for Defendant
Capna Intellectual

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............ 1

I. INTRODUCTION ............ 1

II. LEGAL STANDARDS ............ 1

A. Motion to dismiss ............ 1

B. Trademark dilution ............ 2

III. ARGUMENT ............ 2

A. Plaintiff has failed to plausibly plead, and cannot plausibly plead, that the Interlocking O Marks are "famous" ............ 3

B. Plaintiff has failed to plead, and cannot plausibly plead, that the KOOL Word Marks are diluted. ............ 8

IV. CONCLUSION ............ 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595 (9th Cir. 2014) ........ 10

*Avery Dennison Corp. v. Sumpton*, 189 F.3d 868 (9th Cir. 1999) ........ 3, 5, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 1

*Color Me Mine Enters., Inc. v. Southern States Marketing Inc.*, No. 12-cv-860-RGK, 2012 WL 12887744 (C.D. Cal. May 18, 2012) ........ 6

*Global Apogee v. Sugarfina, Inc.*, No. 18-cv-5162-RSWL-E, 2018 WL 4945305 (C.D. Cal. Oct. 10, 2018) ........ 6

*ITG Brands, LLC v. Innovative Sourcing, Inc.*, No. 1:20-cv-3152-SMJ, Slip Op. (E.D. Wash. Mar. 1, 2021) (Dkt. No. 20-9) ........ 5

*Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628 (9th Cir. 2008) ........ 2

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........ 7

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158 (9th Cir. 2011) ........ 8

*MGA Entertainment, Inc. v. Dynacraft BSC, Inc.*, No. 2:17-cv-8222-ODW-KS, 2018 WL 2448123 (C.D. Cal. May 30, 2018) ........ 2, 6, 8

*Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002 (9th Cir. 2004) ........ 5, 7

*Parts.com, LLC v. Yahoo! Inc.*, 996 F. Supp. 2d 933 (S.D. Cal. 2013) ........ 6

*Reynolds Innovations Inc. v. E-Cig Co., et al.*, No. 1:14-cv-395, Slip Op. (M.D.N.C. June 23, 2015) (Dkt. No. 20-8) ........ 4

*Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894 (9th Cir. 2002) ........ 4

**STATUTES**

15 U.S.C. § 1125(c)(1) .......... 2
15 U.S.C. § 1125(c)(2)(A) .......... 3
15 U.S.C. § 1125(c)(2)(A)(i) .......... 7
15 U.S.C. § 1125(c)(2)(B) .......... 8, 9
15 U.S.C. § 1125(c)(2)(C) .......... 8

**RULES**

Federal Rule of Civil Procedure 12(b)(6) .......... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's amended complaint, though it adds substantial detail, cannot overcome the fundamental defect in its dilution claim: its word mark has not been diluted, and its interlocking-O marks are not famous. The amended complaint attempts to cure the defects in its dilution claim by including photographs of advertising for Kool cigarettes, but the photographs refute Plaintiff's claim by always showing Plaintiff's full word mark "KOOL," and never the interlocking-O mark by itself. There are still no plausible factual allegations in the complaint that the general consuming public identifies interlocking O's in isolation as Plaintiff's mark. Even if Plaintiff's amendment cured its failure to previously plead that the entire-word "KOOL" mark is famous, the words "KOOL" and "BLOOM" are still too different for a dilution claim based on the "KOOL" word mark to survive a motion to dismiss. Capna accordingly renews its motion to dismiss as to Plaintiff's Count III for trademark dilution, and respectfully requests that the Court dismiss that Count of the complaint with prejudice.

## II. LEGAL STANDARDS

### A. Motion to dismiss

This Court is highly familiar with the standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and relevant precedent, including *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

> A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2) – a short and plain statement of the claim. The factual "allegations must be enough to raise a right to relief above the

> speculative level." That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
>
> The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. . . .
>
> When a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. Leave to amend, however, "is properly denied . . . if amendment would be futile."

*MGA Entertainment, Inc. v. Dynacraft BSC, Inc.*, No. 2:17-cv-8222-ODW-KS, 2018 WL 2448123, at *2 (C.D. Cal. May 30, 2018) (citations omitted).

### B. Trademark dilution

In order to plead a claim for trademark dilution under 15 U.S.C. § 1125(c)(1), the plaintiff must plead factual allegations showing that "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

## III. ARGUMENT

Plaintiff's First Amended Complaint, while adding substantial detail omitted from its original complaint, still does not plead plausible factual allegations to support its trademark dilution claim. It is still the case that, as Capna argued in its

original motion to dismiss (Dkt. No. 16), Capna's BLOOM marks are still too different from ITG's KOOL word marks to support a dilution claim, and ITG's Interlocking O mark, isolated from the word "KOOL," is not famous enough to support a dilution claim.

As before, Plaintiff's complaint continues to improperly treat its four distinct marks as one collective group of marks. *See* Dkt. No. 20 at ¶ 1. Two of Plaintiff's marks include the entire word "KOOL," shown below:




These marks are significantly and facially different in fame, distinctiveness, and similarity to Capna's BLOOM marks compared to Plaintiff's marks that only consist of the interlocking O's:





As in Capna's previous motion to dismiss, the first group of marks is referred to in this motion as the "KOOL Word Marks," and the second group is referred to as the "Interlocking O Marks."

**A. <u>Plaintiff has failed to plausibly plead, and cannot plausibly plead, that the Interlocking O Marks are "famous"</u>**

For a mark to be famous, it must be "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). The Ninth Circuit has held that trademark dilution is a cause of action "reserved for a select class of marks – those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999). For a plaintiff to have a cause of action for dilution, the mark

must not only be known within its own market, but must "have achieved fame among the general consuming public" so that it is "susceptible to the kind of out-of-market free riding that Congress sought to prevent in passing the antidilution statute." *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002).

The First Amended Complaint does not cure Plaintiff's failure to plead plausible factual allegations showing that the Interlocking O marks are famous. The First Amended Complaint alleges that the marks are famous because, "as a result of [Plaintiff]'s longstanding use and promotion, the KOOL Marks have become widely recognized by the general consuming public and the trade as a designation of source identifying [Plaintiff] and its KOOL brand of cigarettes." Dkt. No. 20 at ¶ 20. But Plaintiff cannot point to a single example of packaging or advertising that uses the Interlocking O mark separate from a KOOL Word Mark.[1] Dkt. No. 20 at ¶¶ 11-13. In contrast, Plaintiff includes in its First Amended Complaint images of Capna's packaging that includes interlocking O's in isolation (Dkt. No. 20 at ¶ 26), but does not identify any comparable KOOL packaging that uses interlocking O's in isolation, without the word "KOOL" displayed more prominently.

Similarly, though Plaintiff attaches court decisions to the First Amended Complaint finding that some of its marks are famous (Dkt. No. 20 at ¶ 83), Plaintiff misleadingly omits the fact that those Courts only addressed the KOOL Word Marks, not the Interlocking O Marks. In *Reynolds Innovations Inc. v. E-Cig Co., et al.*, No. 1:14-cv-395, Slip Op. (M.D.N.C. June 23, 2015) (Dkt. No. 20-8), the court described ITG's predecessor as "the owner of distinctive trademarks **consisting of**

---

[1] During the parties' April 5, 2021, meet-and-confer, Plaintiff's counsel pointed out that the interlocking-O design element on KOOL Cigarettes' packaging (in brighter green against a darker green background) does not have the letters "K" and "L" around it. (*See* Dkt. No. 20 at ¶ 11). But that subtle graphic design element is barely noticeable compared to the high contrast white "KOOL" logos on the front and side of the packaging. Indeed, the advertising examples provided in paragraph 12 of the First Amended Complaint (Dkt. No. 20 at ¶ 12) cut off that design element while prominently displaying the full word "KOOL." These allegations, taken as true, are not sufficient to plead that the Interlocking O Marks are famous, though they may suffice to plead fame as to the KOOL Word Marks.

**the word 'KOOL.'**" Dkt. No. 20-8 at ¶ 19 (emphasis added). In that case, ITG's predecessor asserted only Trademark Registration Nos. 508,538 and 747,482, which are marks for the stylized KOOL graphic and the word KOOL, not the Interlocking O Mark registrations asserted in this lawsuit. *Compare* Dkt. No. 20-8 at ¶ 20 to Dkt. No. 20 at ¶ 16. Similarly, in *ITG Brands, LLC v. Innovative Sourcing, Inc.*, No. 1:20-cv-3152-SMJ, Slip Op. (E.D. Wash. Mar. 1, 2021) (Dkt. No. 20-9), Plaintiff only asserted the KOOL Word Marks with Trademark Registration Nos. 508,538, 747,482, and 2,218,589; not the Interlocking O Marks with Trademark Registration Nos. 2,578,658 and 2,617,994.[2] *Compare* Dkt. No. 20-9 at 7 to Dkt. No. 20 at ¶ 16. These previous orders do not address the Interlocking O Marks at all, and so cannot be used to plead that the Interlocking O Marks are famous.

The First Amended Complaint thus fails to adequately or plausibly plead that the Interlocking O Marks are famous. Dilution is a cause of action "reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999). Even an incontestable mark "must have a degree of distinctiveness and 'strength' beyond that needed to serve as a trademark." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1013 (9th Cir. 2004) (quoting *Avery Dennison*, 189 F.3d at 876). To survive a motion to dismiss a dilution claim, a plaintiff "must first allege sufficient facts to state a plausible claim that its mark is 'famous,' i.e., 'widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner.'" *Global Apogee v. Sugarfina, Inc.*, No. 18-cv-5162-

---

[2] It is also notable that both of these cases concerned trademark counterfeiting, rather than allegations of infringement against similar but not identical marks. *See* Dkt. No. 20-8 at ¶ 31 ("E-Cig, without RII's permission or authorization, has advertised and has offered for sale liquid nicotine products bearing . . . the KOOL Marks, or colorable imitations thereof"); Dkt. No. 20-9 at 8 ("Defendant imported into the United States, promoted, offered for sale, sold, distributed and advertised on the internet and through other media, unauthorized products bearing the [Plaintiff] Marks (Infringing Products).")

RSWL-E, 2018 WL 4945305, at *4 (C.D. Cal. Oct. 10, 2018). Conclusory allegations of fame that merely recite the elements of dilution are not sufficient. *Id.* Even allegations of significant product sales and extensive advertising are not enough, if those allegations "fall short of the high standard required for a dilution claim" requiring allegations that the mark is comparable "to that of other household names, such as Budweiser beer." *MGA Entertainment*, 2018 WL 2448123, at *6; *see also Color Me Mine Enters., Inc. v. Southern States Marketing Inc.*, No. 12-cv-860-RGK, 2012 WL 12887744, at *2 (C.D. Cal. May 18, 2012).

Importantly, it is not enough to merely allege that the allegedly diluted mark is extensively advertised; Plaintiff must plausibly allege that the mark actually has recognition among the general consuming public. *Parts.com, LLC v. Yahoo! Inc.*, 996 F. Supp. 2d 933, 941 (S.D. Cal. 2013). There is no such plausible allegation in the First Amended Complaint; only conclusory allegations like that found in paragraph 20: "[A]s a result of [Plaintiff]'s longstanding use and promotion, the KOOL Marks have become widely recognized by the general consuming public and the trade as a designation of source identifying [Plaintiff] and its KOOL brand of cigarettes." Dkt. No. 20 at ¶ 20. Such conclusory allegations can only suffice to show fame when they concern "a household-name brand like Coca-Cola," but the Interlocking O Marks are nowhere near as famous as Coca-Cola. *Parts.com*, 996 F. Supp. 2d at 941; *see also MGA Entertainment*, 2018 WL 2448123, at *6 (dismissing complaint for dilution where allegations of extensive sales and advertising did not include plausible allegations that the general public was familiar with the mark). To survive a motion to dismiss the dilution claim as to its Interlocking O Marks, ITG must allege facts showing that the general consuming public identifies the Interlocking O's, **standing by themselves**, as a designation of source identifying Kool cigarettes—and it has not done so.

ITG's burden is further enhanced—to the point at which it cannot be met—by the fact that the Interlocking O marks are a common graphic design element used in

far more famous brands. Widespread use of a mark in the marks of other companies weighs heavily against a finding of fame. *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1014 (9th Cir. 2004); *Avery Dennison*, 189 F.3d at 878.[3] Interlocking rings are a common graphic design element, seen in far more famous logos, such as the Olympic Rings, the Mastercard logo, and the Audi logo, shown below respectively[4]:





Similarly, interlocking letters are used to form the far more famous logos of Chanel and Gucci, shown below respectively:




The Mastercard logo is particularly noteworthy because it only has two interlocking circles. The KOOL interlocking O's on its packaging are green (*see* Dkt. No. 20 at ¶ 11), the BLOOM interlocking O's are generally black or white against a red background (*see* Dkt. No. 20 at ¶ 26), and the Mastercard logo is red and yellow. It

---

[3] While *Nissan* and *Avery Dennison* were decided under the previous version of the trademark dilution statute, the current statute still recognizes that the duration, extent, and geographic reach of advertising of the mark by third parties is relevant to the fame analysis. 15 U.S.C. § 1125(c)(2)(A)(i).

[4] On a motion to dismiss, a court may take judicial notice of facts under Fed. R. Evid. 201, which include facts "generally known within the trial court's territorial jurisdiction." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). The Olympic Rings and the Mastercard, Audi, Chanel, and Gucci logos, though extrinsic to the complaint, are certainly generally known throughout the United States and, at least as to the Olympic Rings, worldwide. Indeed, Capna respectfully suggests that any mark that has achieved the requisite degree of fame to support a dilution claim would, of necessity, be subject to judicial notice.

is not plausible that a consumer would see interlocking O's, without the context of color and packaging, as distinctive of any brand, and it certainly is not plausible that two interlocking circles in isolation are distinctive as an identifier for Kool cigarettes.[5] The Interlocking O Marks are simply not famous, and so ITG's complaint for dilution of the Interlocking O Marks must fail.

**B. Plaintiff has failed to plead, and cannot plausibly plead, that the KOOL Word Marks are diluted.**

Whether a claim for dilution is based on "dilution by blurring" or "dilution by tarnishment," dilution must be an "association arising from the similarity" between the allegedly infringed mark and the allegedly infringing mark. 15 U.S.C. § 1125(c)(2)(B), (c)(2)(C). While the 2006 Act no longer requires that the allegedly diluting mark be identical to the allegedly infringed mark, "similarity has a special role to play in the implementation of the new statute's multifactor approach." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1171 (9th Cir. 2011). The statute provides six non-exclusive factors to consider in determining whether a mark is likely to cause dilution by blurring, including "(i) [t]he degree of similarity between the mark or trade name and the famous mark[;] (ii) [t]he degree of inherent or acquired distinctiveness of the famous mark[;] (iii) [t]he extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark[;] (iv) [t]he degree of recognition of the famous mark[;] (v) [w]hether the

---

[5] After the party's meet-and-confer on April 5, 2021, Plaintiff's counsel sent additional examples of advertisements, a YouTube video by someone named "NickTheSmoker," and examples of collectible cigarette lighters, ashtrays, and restaurant equipment for sale on eBay, some of which included only the Interlocking-Os. As noted in *MGA Entertainment*, 2018 WL 2448123, at *6, however, advertisements and product sales, without more, do not "plausibly plead that the general public of the United States is familiar with" the mark at issue. Viewed in even the most charitable light, these additional advertisements at most show familiarity with the Interlocking-O Marks among smokers and cigarette enthusiasts, not the general public.

In addition, the most recent advertisement offered in the First Amended Complaint (and in the proffered additional materials) to show the putative fame of the Interlocking-Os Marks is 15 years old, from 2006. *See* Dkt. No. 20-1.

user of the mark or trade name intended to create an association with the famous mark[; and] (vi) [a]ny actual association between the mark or trade name and the famous mark." 15 U.S.C. § 1125(c)(2)(B).

As with the element of fame, Plaintiff has failed to plead factual allegations to support the element of either dilution by blurring or dilution by tarnishment. The KOOL Word Marks are patently dissimilar to the BLOOM Marks.[6] The words "Kool" and "Bloom" are different and unrelated in all respects other than the double-o, and share that similarity with hundreds of other words in the English language like "school," "pool," and "stool." As Plaintiff's own Complaint implies, the green or blue color of the KOOL logo is a critical element of the mark, representing the "intense menthol smoking experience" that distinguishes Kool cigarettes from its competitors. Dkt. No. 20 at ¶ 10. Green and blue are colors associated with Kool cigarettes' menthol flavor, as all the advertising and packaging shown in the First Amended Complaint shows. Dkt. No. 20 at ¶¶ 11-13. Those colors further distinguish both the KOOL Word Marks and the Interlocking O Marks from the BLOOM marks. In contrast, as evidenced by Plaintiff's own complaint, every example of Capna's packaging or advertising predominantly uses the color red – a color that is so distinct from green that it literally occupies the opposite side of the color wheel. Dkt. No. 26 at ¶ 17.

In sum, Plaintiff has failed to plead plausible factual allegations to demonstrate that any of its marks are both famous and likely to be diluted by Capna's marks. No matter how Plaintiff amends its complaint, it cannot show that the Interlocking O Marks are famous, and it cannot show that the KOOL Word

---

[6] The dissimilarity between the KOOL Word Marks and the BLOOM marks is similarly so great that it cannot support a claim for likelihood of confusion. *See* Dkt. No. 16 at 11-12. However, though the fact remains that the Interlocking O Marks are not sufficiently distinctive and similar to any of Capna's packaging to allow ITG to ever prevail on its claims based on likelihood of confusion, its First Amended Complaint contains a few examples of Capna's using Interlocking O's outside the word BLOOM, and so Capna has not renewed its motion to dismiss as to the likelihood of confusion claims based on the Interlocking O Marks.

Marks are sufficiently similar to Capna's marks that they are likely to be diluted by either blurring or tarnishment. The Court should therefore dismiss Count III of Plaintiff's Complaint for trademark dilution without leave to amend. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

## IV. CONCLUSION

Plaintiff has amended its complaint to add several examples of use in commerce of both its own marks and of Capna's mark. Those examples have not cured the defect in Plaintiff's dilution claim: its Interlocking O Marks are not famous, and its KOOL Word Marks are too dissimilar to Capna's BLOOM mark to support a dilution claim. No further amendment can cure these fundamental defects. Count III of Plaintiff's complaint should therefore be dismissed with prejudice.

Dated: April 13, 2021

Respectfully submitted,

**ZUBER LAWLER LLP**
JOSHUA M. MASUR

By: */s/ Joshua M. Masur*
Attorneys for Defendant
Capna Intellectual