# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITG BRANDS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPNA INTELLECTUAL<br><br>　　　　Defendant. | Case No. 2:21-cv-00818-ODW-PVC<br><br>**Before:** Hon. Otis D. Wright, II<br><br>[PROPOSED] **ORDER GRANTING PLAINTIFF ITG BRANDS LLC'S MOTION FOR PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION**<br><br>**Complaint Filed:** January 28, 2021 |

　　This matter is before the Court on Plaintiff ITG Brands LLC's ("ITGB") Motion for Preliminary Injunction (the "Motion").

　　Based upon the papers, argument, and evidence presented to the Court in connection with the Motion, the Court hereby **GRANTS** the Motion, subject to the terms and limitations set forth below. The Court finds good cause exists for the granting of the Motion in that ITGB is likely to succeed on the merits of its claims, that ITGB is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in ITGB's favor, and that an injunction is in the public interest.

The Court hereby **ORDERS** that pending trial or further order of the Court, Defendant Capna Intellectual, its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, and entities owned or controlled by Defendant (collectively, "Defendant"), pending trial on the merits, proceeds in accordance with the following terms:

    i.    By no later than August 2, 2021, Defendant shall discontinue all use of ITGB's Interlocking OO's logo shown in incontestable U.S. Trademark Registration Nos. 2,578,658, and 2,617,994, ("ITGB Marks") or any other mark containing interlocking OOs and/or circles (collectively "interlocking circles"), including but not limited to the logos BLOOM[1] and/or ⦾, in any manner (including in solid colors) in connection with any advertising and promotion (including online advertising, social media pages on Facebook, Instagram, Twitter, Weed Maps, YouTube, and any other social media platform), websites, and physical advertising and promotional materials such as advertisements, brochures, and point of sale materials. This provision shall apply only to advertising, promotion, websites, physical advertising, and promotional materials under Defendant's control. To the extent any retail distributor not under Defendant's control possesses point of sale materials containing interlocking circles, Defendant shall make its best efforts to ensure that those materials are removed by no later than August 2, 2021.

    ii.    As of the date this preliminary injunction is entered until November 30, 2021, Defendant shall display corrective advertising and/or other notices on its websites and social media pages informing the general public that Defendant will be using new logos. The corrective advertisements and/or other notices shall not include either BLOOM, ⦾, or any other marks or logos which contain interlocking circles.

---

[1] In each case in which this Order refers to the logo BLOOM as a mark that Defendant is enjoined from using, it refers only to that stylized logo and not to the word "BLOOM" used without the two O's interlocked.

  iii. By no later than November 30, 2021, Defendant shall cease selling or distributing to retailers any and all products, packaging, advertising, brochures, or any other physical items in its possession bearing the marks and logos BLOOM, ⊕, or these marks and logos in solid colors, or any other marks or logos which contain interlocking circles (the "Infringing Products"). By no later than December 31, 2021, Defendant shall destroy any and all Infringing Products in its possession, and Defendant shall verify it has complied with subparagraph (iii) of this preliminary injunction by providing ITGB a sworn declaration under penalty of perjury from an officer, director, or manager of Defendant.

  iv. By November 15, 2021, Defendant shall send notices approved by ITGB to all of its retail distributors explaining that in light of the issuance of this preliminary injunction each retail distributor has the option to return any product in its possession as of December 1, 2021 bearing the marks and logos BLOOM, ⊕, or these marks and logos in solid colors, and, if requested by a retail distributor, Defendant shall exchange such products for an equivalent product that does not bear the marks and logos BLOOM, ⊕, or these marks and logos in solid colors.  By November 1, 2021, Defendant shall also provide ITGB with a copy of the notice for review and approval by ITGB prior to Defendant sending any notices to its retail distributors.

  v. During the pendency of this action, Defendant is prohibited from expanding the promotion or sale of any products bearing the marks and logos BLOOM, ⊕, or these marks and logos in solid colors, the ITGB Marks or any other marks or logos which contain interlocking circles.  ("Infringing Products") to new territories or an increase in total aggregate locations in each state.

  vi. During the pendency of this action, Defendant is prohibited from instructing, assisting, aiding, or abetting any person or entity in engaging in or performing any of the activities referred to in subparagraph (v). In accordance with subparagraph (iii) of this preliminary injunction, Defendant's provision of materials

to franchisees in the ordinary course of business from now until November 30, 2021 shall not be considered a violation of this paragraph.

vii. During the pendency of this action, on the first business day of each month beginning with the month of July 2021, Defendant shall provide to ITGB an accounting regarding Defendant's inventory levels and forecasted product demand, and such accounting shall be provided by sworn declaration under penalty of perjury from an officer, director, or manager of Defendant.

viii. Defendant shall notify its distributors and/or retailers of this preliminary injunction, must prepare such notice within three (3) business days of the issuance of this injunction, and ITGB has three (3) business days from receipt to approve the form of the notice. Defendant's distributors and/or retailers are not bound in any way by this preliminary injunction, and the notice will state that Defendant's distributors and/or retailers are not bound in any way by this preliminary injunction. Defendant shall not be required to notify its distributors of the provision in subparagraph (iv) of this preliminary injunction before November 15, 2021.

ix. No bond shall be required for enforcement of this preliminary injunction.

x. Defendant shall file with the Court within thirty (30) days after entry of this injunction a report in writing under oath, signed by an officer, director, or manager of Defendant setting forth in detail the manner and form in which Defendant has complied with this injunction.

**IT IS SO ORDERED.**

Dated: ___June 21, 2021_

_____
Otis D. Wright, II
United States District Judge