1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11  | ITG BRANDS, LLC,

12  |        Plaintiff,

13  |    v.

14  | CAPNA INTELLECTUAL

15  |       Defendant.

16

Case No. 2:21-cv-00818-ODW-PVC

**Before:** Hon. Otis D. Wright, II

**STIPULATED PERMANENT INJUNCTION**

**Complaint Filed:** January 28, 2021

17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff, ITG Brands LLC's ("ITGB") and Defendant, Capna Intellectual ("Defendant") (collectively the "Parties"),  hereby advise the Court that they have entered into a Settlement Agreement dated July 27, 2021 ("Agreement") and have settled this Civil Action as relates to the claims between them. The Agreement between the Parties  includes among its provisions the entry of injunctive relief, and therefore the Parties submit this Permanent Injunction to the Court, on full and mutual consent as indicated below:

**IT IS HEREBY ORDERED** that:

1.     The terms of the Court's June 21, 2021 Preliminary Injunction Order (ECF No. 59) are incorporated by reference herein. Defendant will continue to be bound by the obligations of the Preliminary Injunction Order in full, except that certain provisions of the Preliminary Injunction Order shall be modified as set forth below.

2.     Effective August 2, 2021, Defendant will be permanently enjoined from all use of ITGB's Interlocking OO's logo shown in incontestable U.S. Trademark Registration Nos. 2,578,658, and 2,617,994, ("ITGB Marks") or any other mark containing  interlocking OOs and/or circles (collectively "interlocking circles"), including but not limited to the logos **BLOOM**[1] and/or ⊕, in any manner (including in solid colors) in connection with any advertising and promotion (including online advertising, social media pages on Facebook, Instagram, Twitter, Weed Maps, YouTube, and any other social media platform), websites, and physical advertising and promotional materials such as advertisements, brochures, and point of sale materials. This provision shall apply only to advertising, promotion, websites, physical advertising, and promotional materials under Defendant's control. To the extent any retail distributor not under Defendant's control possesses

---

[1] In each case in which this Order refers to the logo **BLOOM** as a mark that Defendant is enjoined from using, it refers only to that stylized logo and not to the word "BLOOM" used without the two O's interlocked.

point of sale materials containing interlocking circles, Defendant shall use its best efforts to ensure that those materials are removed by no later than August 2, 2021. To the extent Defendant discovers such possession by a retail distributor after August 2, 2021, Defendant shall continue to use its best efforts to ensure that those materials are removed.

3. As of the date this permanent injunction is entered until November 30, 2021, Defendant shall display corrective advertising and/or other notices on its websites and social media pages informing the general public that Defendant will be using new logos. The corrective advertisements and/or other notices shall not include either **BLOOM**, **OO** , or any other marks or logos which contain interlocking circles.

4. By no later than November 30, 2021, Defendant shall be permanently enjoined from and will cease selling or distributing to retailers any and all products, packaging, advertising, brochures, or any other physical items in its possession bearing the marks and logos **BLOOM**, **OO**, or these marks and logos in solid colors, or any other marks or logos which contain interlocking circles (the "Infringing Products"). By no later than December 31, 2021, Defendant shall destroy any and all Infringing Products in its possession, and Defendant shall verify it has complied with paragraph 4 of this permanent injunction by providing ITGB a sworn declaration under penalty of perjury from an officer, director, or manager of Defendant reasonably describing the method used to destroy any remaining Infringing Products.

5. By November 15, 2021, Defendant shall send notices approved by ITGB to all of its retail distributors explaining that in light of the issuance of this permanent injunction each retail distributor has the option to return any product in its possession as of December 1, 2021 bearing the marks and logos **BLOOM**, **OO**, or these marks and logos in solid colors, and, if requested by a retail distributor, Defendant shall exchange such products for an equivalent product that does not bear

3

the marks and logos **BLOOM**, **OO**, or these marks and logos in solid colors.  By November 1, 2021, Defendant shall also provide ITGB with a copy of the notice for review and approval by ITGB prior to Defendant sending any notices to its retail distributors.

6.     As of the date of this permanent injunction, Defendant is prohibited from expanding the promotion or sale of any products bearing the marks and logos **BLOOM**, **OO**, or these marks and logos in solid colors, the ITGB Marks or any other marks or logos which contain interlocking circles.  ("Infringing Products") to new territories or an increase in total aggregate locations in each state.

7.     As of the date of this permanent injunction, Defendant is prohibited from instructing, assisting, aiding, or abetting any person or entity in engaging in or performing any of the activities referred to in paragraph 6. In accordance with paragraph 4 of this permanent injunction, Defendant's provision of materials to franchisees in the ordinary course of business from now until November 30, 2021 shall not be considered a violation of this paragraph.

8.     As of the date of this permanent injunction, on the first business day of each month beginning with the month of August 2021 and ending with the month of November 2021, Defendant shall provide to ITGB an accounting regarding Defendant's inventory levels and forecasted product demand, and such accounting shall be provided by sworn declaration under penalty of perjury from an officer, director, or manager of Defendant.

9.     Defendant shall notify its distributors and/or retailers of this permanent injunction, must prepare such notice within three (3) business days of the issuance of this injunction, and ITGB has three (3) business days from receipt to approve the form of the notice. Defendant's distributors and/or retailers are not bound in any way by this permanent injunction, and the notice will state that Defendant's distributors and/or retailers are not bound in any way by this permanent injunction. Defendant shall not be required to notify its distributors of the provision in

paragraph 5 of this permanent injunction before November 15, 2021.

10. On July 21, 2021 Defendant shall send to Plaintiff, but not file with the Court, a report in writing under oath, signed by an officer, director, or manager of Defendant setting forth in detail the manner and form in which Defendant has complied with this injunction and the Agreement.

11. The Court shall retain jurisdiction of this civil action and the parties to resolve any issues arising of any claim of violation of or noncompliance with this permanent injunction and/or the Agreement between the parties in settlement of this civil action.

**IT IS SO ORDERED.**

Dated:  August 2, 2021

Honorable Otis D. Wright II
Judge, United States Court

065887.001180  4845-9365-5794.1

5

STIPULATED PERMANENT INJUNCTION